UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT THOMAS,<br><br>  Plaintiff,<br><br> v.<br><br>S. SANCHEZ, et al.,<br><br>  Defendants. | Case No.: 1:12-cv-01224-SAB (PC)<br><br>ORDER REQUIRING PLAINTIFF EITHER TO FILE AMENDED COMPLAINT OR TO NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS IDENTIFIED HEREIN<br><br>THIRTY-DAY DEADLINE |

Plaintiff Robert Thomas is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the instant complaint on July 26, 2012.

## I.

## SCREENING STANDARD

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

1  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555
2  (2007)). Plaintiff must demonstrate that each named defendant personally participated in the
3  deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d
4  1011, 1020-1021 (9th Cir. 2010).

5        Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings
6  liberally construed and to have any doubt resolved in their favor, but the pleading standard is now
7  higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive
8  screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow
9  the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal,
10 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer
11 possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely
12 consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556
13 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## PLAINTIFF'S COMPLAINT

16       According to Plaintiff's complaint, on December 28, 2011, he was taken from his assigned cell
17 in handcuffs to the shower during third watch patrol shift. After completing his shower, Plaintiff was
18 handcuffed by correctional officers Banks and S. Sanchez and was taken to the dining hall holding cell
19 for no reason other than harassment and abuse. Plaintiff was held in the holding cell for
20 approximately 45 minutes to an hour. Plaintiff was taken out of the holding cell and escorted through
21 the dining hall to the sally port area. He was then promptly and maliciously pepper sprayed in the
22 back of the head and facial area and ordered to get on the ground by Sanchez for no reason. Plaintiff
23 believed he was about to die because he is asthmatic of which Sanchez is fully aware.

24       Once Plaintiff was handcuffed and face down on the ground in a prone position, correctional
25 officer Castaneda kneed him in the back, and he was rolled on his side and pepper sprayed directly in
26 the face by correctional officer M. Scott for no reason. Scott then laid Plaintiff back face down on the
27 ground while he was gagging and having extreme difficulty breathing. He was left on the ground for
28

approximately 4 minutes. The entire incident took place under the supervision of Sergeant Rohland who did nothing to prevent it.

Also, on December 28, 2011, while Plaintiff was face down on the ground in a prone position in Unit-4 sally port, correctional officers J. Chavez and S. Dickerson rolled him onto his back then dragged him by his feet across the concrete and dirt to the dining hall. He was placed on his knees by Chavez and Dickerson. Defendants Chavez, Dickerson, and Rohland would not allow a nurse to examine him. He was then "snatched" up by his arms to his feet by Chavez and Dickerson and escorted from one unit to another while barefoot through the cold with only a pair of boxer shorts. Plaintiff was placed in a cell that is designed to abuse, oppress, torture and treat an inmate with cruel and unusual punishment.

The cell Plaintiff was placed in had no desk, no lockers, no bunk, and no "real" mattress. He was made to do everything from the dirty cell floor as if he was an animal. All of the incidents took place under the supervision of Sergeant P. Rohland who did nothing to stop the abuse and inhumane treatment. Plaintiff was not decontaminated by any staff after being pepper sprayed, and he was left in the inhumane living conditions for approximately two weeks. All of the defendants wrote a false report regarding the incident.

## III.

## DISCUSSION

### A.  Excessive Force

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 5, 112 S.Ct. 995 (1992) (citations omitted). For claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (per curiam) (citing Hudson, 503 U.S. at 7) (internal quotation marks omitted); Furnace v. Sullivan, 705 F.3d 1021, 1028 (9th Cir. 2013). The objective component of an Eighth Amendment claim is contextual and responsive to contemporary standards of decency, Hudson, 503 U.S. at 8 (quotation marks and citation omitted), and although *de minimis* uses of force do not violate the Constitution, the malicious and sadistic use of

3

1  force to cause harm always violates contemporary standards of decency, regardless of whether or not
2  significant injury is evident, Wilkins, 559 U.S. at 37 (citing Hudson, 503 U.S. at 9-10) (quotation
3  marks omitted); Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002).

4      Plaintiff's allegations are sufficient to state a claim against Defendants S. Sanchez, M. Scott, J.
5  Chavez, S. Dickerson, and P. Rohland, for use of excessive force.

6      **B.**    **Inhumane Conditions**

7      The Eighth Amendment protects prisoners from inhumane methods of punishment and from
8  inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).
9  Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing,
10 sanitation, medical care, and personal safety. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000).
11 Extreme deprivations are required to make out a conditions of confinement claim, and only those
12 deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form
13 the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995
14 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth
15 Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of
16 and disregarded a substantial risk of serious harm to the plaintiff. See, e.g., Farmer v. Brennan, 511
17 U.S. 825, 847, 114 S.Ct. 1970 (1994); Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010);
18 Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Frost v. Agnos, 152 F.3d 1124, 1128 (9th
19 Cir. 1998).

20     Plaintiff's allegations do not give rise to a claim under the Eighth Amendment. Plaintiff
21 alleges that the holding cell where he remained for approximately two weeks had no desk, no lockers,
22 no bunk, no "real" mattress, and he was required to do everything from the dirty floor. While Plaintiff
23 alleges in vague terms that he did not have access to a bunk, no "real" mattress, and was required to do
24 everything from a dirty floor, the factual circumstances do not provide enough detail for the Court to
25 determine whether the circumstances caused an "extreme deprivation" required to support a
26 constitutional violation, such as the meaning of being deprived of any "real" mattress. See, e.g.,
27 Schroeder v. Kaplan, 60 F.3d 834 (9th Cir. 1995) (citing cases where failure to provide a mattress
28 violated the Eighth Amendment only when accompanied by other facts, such as inadequate clothing,

4

extreme cold, improper diet, denied right to use toil, had to lie in own excrement); Muniz v. Hill, No CV-06-120-ST, 2008 WL 1995457, at *5-6 (D. Or. 2008) (no mattress for thirty days, with instead prison being compelled to sleep on a rubber security mat on a dirty floor, did not implicate Eighth Amendment); Desroche v. Strain, 507 F.Supp.2d 571, 579-580 (E.D. La. 2007) (recommending pretrial detainee's allegation that he was compelled to sleep on concrete floor of unsanitary holding tank without a mattress for ten days be dismissed as legally frivolous and for failure to state a claim); Brown v. Hamblin, No. 03-C-139-C, 2003 WL 23274543, at *2 (W.D. Wis. 2003) (jail inmate's claim regarding being forced to sleep on a mattress on a dirty jail floor for 28 days and later for an additional 8 days dismissed as legally frivolous). Nor has Plaintiff alleged that each of the named Defendants were aware and deliberately indifferent to a substantial risk of harm to his health or safety. Plaintiff will be given leave to amend this claim to allege an objectively serious deprivation and Defendants' subjective deliberate indifference thereto.

## IV.

## CONCLUSION AND ORDER

Plaintiff's complaint states a cognizable claim against Defendants Sanchez, Scott, Chavez, Dickerson, and Rohland for excessive force in violation of the Fourth Amendment. Plaintiff has not sufficiently alleged facts for any other claims against any of the other named Defendants. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on the claim for excessive force against Defendants Sanchez, Scott, Chavez, Dickerson, and Rohland, Plaintiff may so notify the Court in writing, and the Court will issue a recommendation for dismissal of the other claims and Defendants, and will forward Plaintiff one (5) summons and one (5) USM-285 form for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, his amended complaint should be brief. Fed. R. Civ. P. 8(a).

Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's constitutional or other federal rights: "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). In other words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true.

Although Plaintiff's factual allegations will be accepted as true and "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

Plaintiff is advised that an amended complaint supersedes the original complaint. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). The amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474. In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint. Finally, Plaintiff is advised that, should he choose to amend, he may not bring unrelated claims in the same action.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Within thirty (30) days from the date of service of this order, Plaintiff must either:

   a. File an amended complaint curing the deficiencies identified by the Court in this

6

        order, or

    b.    Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendants Sanchez, Scott, Chavez, Dickerson, and Rohland for excessive force; and

3.    If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated: **October 16, 2013**

UNITED STATES MAGISTRATE JUDGE